’I’atior, Chief-Justice.-
 

 I consider that the evidence offered of
 
 Skibbotv’s
 
 hand-writing was legally admitted, and that it was certainly free from
 
 the objection
 
 of its being proof from comparison of bands. The witness was an aged man, and
 
 Skibbotv
 
 had died before his remembrance, the witness’s knowledge of the general character of
 
 Skibbotv’s
 
 hand-writing was derived from hav-iny inspected many plats of surveys annexed to grants, which surveys purported to have been made by him, who was reputed to be a surveyor or deputy. I think this satisfies the rule of law that the witness must have acquired his knowledge, of the hand-writing by
 
 sufficient
 
 means 5 for the authenticity of these grants held
 
 by
 
 various persons as the muniments of their estates, cannot
 
 *228
 
 ¡reasonably be questioned. The offices where they issue, and where they are recorded, the small temptation presented to commit forgery and the facility of detecting it, place these documents on more elevated ground than bank bills or post office franks, and bring them within the operation of the rule staled by
 
 Le Blanc J
 
 in
 
 Roe v. Rawlings, (7 East
 
 282.) This very point has been so decided in New-York, as appears from the case quoted at the bar.
 

 But on the question whether the survey itself be competent evidence for the Plaintiff, the Court is of opinion that it is inadmissible as being a private memorial procured to be made by
 
 Starkey
 
 for his own convenience, and is not evidence for him, or for any one who claims
 
 through
 
 him. The reason for excluding such evidence is decisive, viz. that it might benefit men to include in such surveys more than belonged to them. There must consequently be a new trial.
 

 Per Curiam. — Judgment reversed and new trial awarded.